# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ERIC MATTHEW NEGRIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:19-cv-00354-MTT-CHW |
| : | |
| MAJOR ALLEN EVERIDGE, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff Eric Matthew Negrin, a prisoner in the Houston County Correctional Institute, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, Compl., ECF No. 1, and a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 12. Plaintiff's motion to proceed *in forma pauperis* was previously granted, and Plaintiff was ordered to pay an initial partial filing fee of $23.54. Order, ECF No. 15. Plaintiff was given twenty-one days to pay the initial partial filing fee and was cautioned that his failure to do so could result in the dismissal of this action. *Id.*

Thereafter, more than twenty-one days passed after entry of that order, during which Plaintiff failed to pay initial partial filing fee or otherwise respond to the order. Moreover, the order sent to Plaintiff was returned to this Court as undeliverable. Mail Returned, ECF No. 16. As Plaintiff was previously cautioned, the failure to keep the Court apprised of Plaintiff's current address constitutes a failure to prosecute this action, and insofar as the

Court has no information about Plaintiff's current whereabouts, this action cannot proceed.

To that end, Plaintiff was ordered to show cause why this case should not be dismissed for failure to pay the initial partial filing fee and failure to keep the Court apprised of Plaintiff's current address. Plaintiff was given twenty-one days to respond to the show cause order and was cautioned that his failure to respond would result in the dismissal of this action.

More than twenty-one days have now passed since the order to show cause was entered, and Plaintiff has not responded to the show cause order.[1] Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute his case, it is hereby **ORDERED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 8th day of April, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Out of an abundance of caution, that order was forwarded to Plaintiff at both the Houston County Detention Center and the Macon address that was previously on file for Plaintiff. The copy of the order sent to Plaintiff at the Detention Center was subsequently returned to this Court, Mail Returned, ECF No. 18, but the other copy was not. Again out of an abundance of caution, the **CLERK** is **DIRECTED** to send this order to both addresses.